UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS CONTRERAS JIMENEZ,<br>(A-Number: 090-104-497)<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE<br>ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | Case No.: 1:26-cv-01621-JLT-FJS (HC)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>[TWENTY-ONE DAY OBJECTION PERIOD] |

Petitioner, formerly a detainee of the United States Department of Homeland Security, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his indefinite detention. (ECF No. 1.) On March 24, 2026, Respondents filed a motion to dismiss the petition as moot. (ECF No. 10.) Respondents state that on January 21, 2026, the immigration judge granted a motion to terminate immigration proceedings, and on February 23, 2026, Petitioner was released from custody. (ECF No. 10.) The time for Petitioner to respond to Respondent's motion has passed and Petitioner has filed no response. The court recommends granting the motion to dismiss the petition as moot.

DISCUSSION

The case or controversy requirement of Article III of the Federal Constitution deprives the court of jurisdiction to hear moot cases. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983);

1

*N.A.A.C.P., Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982). The federal courts are "without power to decide questions that cannot affect the rights of the litigants before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam) (quoting *Aetna Life Ins. Co. v. Hayworth*, 300 U.S. 227, 240-241 (1937)).

The instant petition sought immediate release from indefinite detention. According to the Declaration of Deportation Officer Kenneth Jager, an immigration judge granted a motion to terminate immigration proceedings on January 21, 2026. (Jager Decl. ¶ 7; ECF No. 10-1 at 2.) On February 23, 2026, Petitioner was released from immigration custody. (Jager Decl. ¶ 9.) Because there is no further relief that this Court can provide to Petitioner, the petition is now moot. Accordingly, the court finds that Petitioner's complaints have been addressed, no case or controversy currently exists, and the petition should be dismissed as moot. *See Picrin–Peron v. Rison,* 930 F.2d 773, 776 (9th Cir. 1991); *Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007).

<u>RECOMMENDATION</u>

Accordingly, IT IS HEREBY RECOMMENDED that Respondents' motion to dismiss the petition as moot be GRANTED and the Petition for Writ of Habeas Corpus be DISMISSED.

This Findings and Recommendation is submitted to the United States district court judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy of this findings and recommendation, a party may file written objections with the court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The court will not consider exhibits attached to the objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the district judge when reviewing these findings and

recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

IT IS SO ORDERED.

Dated:   **April 30, 2026**

UNITED STATES MAGISTRATE JUDGE